**William R. Sharp, OSB #78374**
**Monks & Sharp, LLP**
1342 High Street, 2nd Floor
Eugene, OR 97401
Telephone: (541) 345 2002
Fax: (541) 345 2178
Email: sharp3223@comcast.net
Attorney for Defendant Zacher

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 06-60011-13-AA |
| | ) | |
| Plaintiff, | ) | PETITION TO ENTER PLEA |
| | ) | OF GUILTY, CERTIFICATE |
| JOYANNA L. ZACHER, | ) | OF COUNSEL, AND ORDER |
| | ) | ENTERING PLEA |
| Defendant. | ) | |
| | ) | |

The defendant represents to the Court:

1. My true name is Joyanna L. Zacher. I am 28 years old. I have completed education through the 12th grade. I request that all proceedings against me be in my true name.

2. My attorney is William Sharp.

3. My attorney and I have discussed my case fully. I have received a copy of the Indictment or Information. I have read the Indictment or Information, or it has been read to me, and I have discussed it with my attorney. My attorney has counseled and advised me concerning the nature of each charge, any lesser-included offense(s), and the possible defenses that I might have in this case. I have been advised and understand that the

**Page 1 – Petition to Enter Plea of Guilty, Certif. of Counsel, Order Entering Plea**

elements of the charges alleged against me to which I am pleading "GUILTY" are as follows:

(a) Count 1: Violation of 18 United States Code section 371, Conspiracy to commit arson and destruction of an energy facility:

 a) that the defendant conspired with one or more other persons;

 b) to commit an offense against the United States, to-wit, violations of 18 United States Code section 844(i), arson;

 c) and one or more of the persons with whom the defendant conspired committed an act to effect the object of the conspiracy;

 d) in the District of Oregon.

(b) Counts 2 through 26, and 38 through 49: Violation of 18 United States Code section 844(i), arson:

 a) that the defendant maliciously damaged or destroyed by means of fire or an explosive;

 b) any building, vehicle, or other real or personal property used in or affecting interstate commerce;

 c) in the District of Oregon.

I Count 37: Violation of 18 United States Code section 844(i), attempted arson:

 a) that the defendant maliciously attempts to damage or destroy;

**Page 2 – Petition to Enter Plea of Guilty, Certif. of Counsel, Order Entering Plea**

  b) any building, vehicle, or other real or personal property used in or affecting interstate commerce;

  c) in the District of Oregon.

4. I know that if I plead "GUILTY," I will have to answer any questions that the judge asks me about the offense(s) to which I am pleading guilty. I also know that if I answer falsely, under oath, and in the presence of my attorney, my answers could be used against me in a prosecution for perjury or false statement.

5. I am not under the influence of alcohol or drugs. I am not suffering from any injury, illness or disability affecting my thinking or my ability to reason. I have not taken any drugs or medications within the past seven (7) days.

6. I understand that conviction of a crime can result in consequences in addition to imprisonment. Such consequences include deportation, or removal from the United States, or denial of naturalization, if I am not a United States citizen; loss of eligibility to receive federal benefits; loss of certain civil rights (which may be temporary or permanent depending on applicable state or federal law), such as the right to vote, to hold public office, and to possess a firearm; and loss of the privilege to engage in certain occupations licensed by the state or federal government.

7. I know that I may plead "NOT GUILTY" to any crime charged against me and that I may persist in that plea if it has already been made. I know that if I plead 'NOT GUILTY" the Constitution guarantees me:

  a. The right to a speedy and public trial by jury, during which I will be presumed to be innocent unless and until I am proven guilty by the government beyond a reasonable doubt and by the unanimous vote of twelve jurors;

**Page 3 – Petition to Enter Plea of Guilty, Certif. of Counsel, Order Entering Plea**

    b. The right to have the assistance of an attorney at all stages of the proceedings;

    c. The right to use the power and process of the court to compel the production of evidence, including the attendance of witnesses in my favor;

    d. The right to see, hear, confront, and cross-examine all witnesses called to testify against me;

    e. The right to decide for myself whether to take the witness stand and testify, and if I decide not to take the witness stand, I understand that no inference of guilt may be drawn from this decision; and

    f. The right not to be compelled to incriminate myself.

8. I know that if I plea "GUILTY" there will be no trial before either a judge or a jury and that I will not be able to appeal from the judge's denial of any pretrial motions I may have filed concerning matters or issues not related to the court's jurisdiction.

9. In this case I am pleading "GUILTY" under Rules 11I(1)(A) **and/or** 11(c)(1)(B). My attorney has explained the effect my plea under Rule 11(c)(1)(A) to be as follows:

> I plead guilty under Rule 11I(1)(A), pursuant to a Plea Agreement whereby the prosecutor has promised to dismiss other charges against me; therefore, at or before sentencing, the judge must either accept the Plea Agreement or allow me to withdraw my plea.

My attorney has explained the effect if my plea under Rule 11I(1)(B) to be as follows:

> I plead guilty under Rule 11I(1)(B); therefore, although the judge will consider the recommendations and agreements of both the prosecution and the defense attorneys concerning sentencing, the judge is not obligated to follow those recommendations or agreements. If the judge imposes a sentence different from what I expected to receive under the terms of by plea agreement with the prosecutor, I do not have a right to withdraw my plea

**Page 4 – Petition to Enter Plea of Guilty, Certif. of Counsel, Order Entering Plea**

10. I know the maximum punishment which can be imposed upon me for the crimes to which I am pleading guilty is 20 years imprisonment and a fine of $250,000. I also know that there is mandatory minimum sentence of 5 years.

11. I know that the judge, in addition to any other penalty, will order a special assessment as provided by law in the amount of $100.

12. I know that if I am ordered to pay a fine, and I willfully refuse to pay that fine, I can be returned to court, where the amount of the unpaid balance owed on the fine can be substantially increased by the judge and I can be imprisoned for up to one year.

13. My attorney has discussed with me the Federal Sentencing Guidelines. I know the Guidelines are advisory, not mandatory. I also know the sentencing judge, in determining the particular sentence to be imposed, must consider those factors set forth in Title 18, United States Code, Section 3553(a), including, but not limited to: the nature and circumstances of the offense, my own history and characteristics, the goals of sentencing (punishment, deterrence, protection, and rehabilitation), and the sentencing range established by the advisory Guidelines. If my attorney or any other person has calculated a guideline range for me, I know that this is only advisory, and is only one of the factors that the judge will consider in making a final decision as to what sentence will be imposed. I also know that a judge may not impose a sentence greater than the maximum sentence referred to in paragraph (10) above.

14. I know from discussion with my attorney that, under the Federal Sentencing guidelines, if I am sentenced to prison I am not entitled to parole. I will have to serve the full sentence imposed except for any credit for good behavior that I earn. I can earn

credit for good behavior in prison at a rate of up to 54 days for each year of imprisonment served. Credit for good behavior does not apply to a sentence of one year or less.

15. I know that if I am sentenced to prison, the judge will impose a term of supervised release to follow the prison sentence. During my supervised release term I will be supervised by a probation officer according to terms and conditions set by the judge. In my case, a term of supervised release can be up to ~~2 to 3~~ 5 ea years. If I violate the conditions of supervised release, I may be sent back to prison for up to 5 years.

16. I know that in addition to or in lieu of any other penalty, the judge can order restitution payments to any victim of any offense to which I plead guilty. I am also informed that, for certain crimes of violence and crimes involving fraud or deceit, it is mandatory that the judge impose restitution in the full amount of any financial loss or harm caused by an offense. If imposed, the victim can use the order of restitution to obtain a civil judgment lien. A restitution order can be enforced by the United States for up to twenty (20) years from the date of my release from imprisonment, or, if I am not imprisoned, twenty (20) years from the date of the entry of judgment. If I willfully refuse to pay restitution as ordered, a judge may resentence me to any sentence which could originally have been imposed.

17. On any fine or restitution in an amount of $2,500 or more, I know that I will be required to pay interest unless that fine or restitution is paid within fifteen (15) days from the date of the entry of judgment.

18. If I am on probation, parole, or supervised release in any other state or federal case, I know that by pleading guilty in this court my probation, parole or supervised release may be revoked and I may be required to serve time in that case,

**Page 6 – Petition to Enter Plea of Guilty, Certif. of Counsel, Order Entering Plea**

which may be consecutive, that is, in addition to any sentence imposed on me in this court.

19. If I have another case pending in any state or federal court, I know that my Plea Petition in this case does not apply to my other case(s), and that I can be faced with consecutive sentences of imprisonment.

20. My plea of "GUILTY" is based on a Plea Agreement that I have made with the prosecutor. That Plea Agreement is attached hereto and incorporated herein. I have read or had read to me the Plea Agreement, and I understand the Plea Agreement.

21. No officer or agent of any branch of government (federal, state or local) or anyone else has promised or suggested that I will receive a lesser term of imprisonment, or probation, or any other form of leniency if I plead "GUILTY." I understand that I cannot rely on any promise or suggestion made to me by a government agent or officer which is not stated in writing, or which is not presented to the Judge in my presence in open court at the time of my entry of my plea of guilty.

22. My plea of "GUILTY" is not the result of force, threat, or intimidation.

23. I hereby request that the judge accept my plea of "GUILTY" to the following counts: counts 1 through 49 of the Information.

24. I know that the judge must be satisfied that a crime occurred and that I committed that crime before my plea of "GUILTY" can be accepted. With respect to the charge(s) to which I am pleading guilty, I represent that I did the following acts and that the following facts are true:

    (a) Count 1: That between October 1996 and October 2001, in the District of Oregon and elsewhere, I willfully and knowingly agreed and

**Page 7 – Petition to Enter Plea of Guilty, Certif. of Counsel, Order Entering Plea**

conspired to maliciously damage or destroy, or attempt to damage or destroy, by means of fire, buildings, vehicles, and other personal and real property owned in whole or in part by, or possessed by or leased to, others, that was used in or affected interstate commerce, in the District of Oregon.

(b) Counts 2 through 36: That in March, 2001, I maliciously damaged or destroyed, by means of fire, vehicles owned by Joe Romania Chevrolet, that were used in or affected interstate commerce, in the District of Oregon.

(c) ~~1~~ *aw, 11/9/06* Count 37: That in May, 2001, I maliciously attempted to damage or destroy, by means of fire, the main office of Jefferson Poplar Farm, that was used in or affected interstate commerce, in the District of Oregon.

(d) Counts 38 through 49: That in May, 2001, I maliciously damaged or destroyed, by means of fire, vehicles, buildings, other real property, and personal property, owned by Jefferson Poplar Farm (James River Corporation), that were used in interstate commerce, in the District of Oregon.

25. I offer my plea of "GUILTY" freely and voluntarily and of my own accord and with a full understanding of the allegations set forth in the Indictment or Information, and with a full understanding of the statements set forth in this Petition and in the Certificate of my attorney that is attached to this Petition.

**Page 8 – Petition to Enter Plea of Guilty, Certif. of Counsel, Order Entering Plea**

SIGNED by me in the presence of my attorney, after reading (or having had read to me) all of the foregoing pages and paragraphs of this Petition on this  9th  day of November, 2006.

                                                    /s/ Joyanna L. Zacher
                                                   **Joyanna L. Zacher**
                                                   Defendant

## CERTIFICATE OF COUNSEL

The undersigned, as attorney for defendant Joyanna L. Zacher, hereby certifies:

1. I have fully explained to the defendant the allegations contained in the Indictment or Information in this case, any lesser-included offense(s), and the possible defenses which may apply in this case.

2. I have personally examined the attached Petition To Enter Plea of Guilty And Order Entering Plea, explained all its provisions to the defendant, and discussed fully with the defendant all matters described and referred to in the Petition.

3. I have explained to the defendant the maximum penalty and other consequences of entering a plea of guilty described in paragraphs (6)-(20) of the Petition, and I have also explained to the defendant the applicable Federal Sentencing Guidelines.

4. I recommend that the Court accept the defendant's plea of "GUILTY."

SIGNED by me in the presence of the above-named defendant, and after full discussion with the defendant of the contents of the Petition To Enter Plea of Guilty on the 9th day of November, 2006.

_____
**William R. Sharp**, OSB #78374
Attorney for Defendant

**Page 10 – Certificate of Counsel**

## ORDER ENTERING PLEA

I find that the defendant's plea of GUILTY has been made freely and voluntarily and not out of ignorance, fear, inadvertence, or coercion. I further find the defendant has admitted facts that prove each of the necessary elements of the crime(s) to which the defendant has pled guilty.

IT IS THEREFORE ORDERED that the defendant's plea of GUILTY be accepted and entered as requested in this Petition and as recommended in the Certificate of defendant's attorney.

DATED this 9 of November, 2006, in open court.

_____
**Ann L. Aiken**
U. S. District Court Judge

Page 11 – Order Entering Plea



U.S. Department of Justice
United States Attorney
District of Oregon

701 High Street
Eugene, OR 97401

Office: (541)465-6771
Fax:  (541)465-6582

October 17, 2006

Mr. William R. Sharp
Attorney At Law
1200 High Street, Suite 150
Eugene, OR 97401

    Re:   <u>United States v. Joyanna L. Zacher</u>
          Case No. _____
          Plea Agreement

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office for the District of Oregon (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority except as otherwise identified in this agreement. Except as specified in this agreement, it does not apply to any charges other than those specifically mentioned herein. This plea agreement is part of a global plea agreement among co-defendants Jonathan Christopher Mark Paul, Joyanna L. Zacher, Nathan Fraser Block, Daniel Gerard McGowan and the USAO. It is understood by all the parties that should one of the other defendants fail to provide information pursuant to Paragraph 7B of this Agreement, the government may terminate this plea agreement and the Court will be advised that all four defendants' cases will proceed to trial; provided that, in the event the defendant is not in breach of his obligations under Paragraph 7B and 7H of this Agreement, no Information provided by the defendant pursuant to Paragraph 7B may be used against the defendant at trial.

2. **Charges and Penalties**: Defendant agrees to plead guilty to Counts 1 through 49 of the Information as follows:

   **Count 1: Conspiracy to Commit Arson and Destruction of an Energy Facility of the United States** in violation of Title 18, United States Code, Section 371. The maximum sentence is 5 years imprisonment, a fine of $250,000, a 2 to 3 year period of supervised release and a mandatory $100 fee assessment.

   **Counts 2 through 36: Arson – Romania Chevrolet Truck Center Vehicles** in violation of Title 18, United States Code, Section 844(I). For each count the maximum sentence is 20 years imprisonment, a mandatory minimum of 5 years, a fine of $250,000, a 2 to 3 year period of supervised release and a mandatory $100 fee assessment.

   **Count 37 : Attempted Arson – Jefferson Poplar Farm Main Office** in violation of Title 18, United States Code, Section 844(I). The maximum sentence is 20 years

William R. Sharp
Re: Joyanna L. Zacher
Page 2

imprisonment, a mandatory minimum of 5 years, a fine of $250,000, a 2 to 3 year period of supervised release and a mandatory $100 fee assessment.

**Counts 38 through 49: Arson – Jefferson Poplar Farm Vehicle Shop, Shop & Office, and 10 vehicles** in violation of Title 18, United States Code, Section 844(I). The maximum sentence is 20 years imprisonment, a mandatory minimum of 5 years, a fine of $250,000, a 2 to 3 year period of supervised release and a mandatory $100 fee assessment.

Defendant agrees to pay the fee assessment applicable to each of the above counts by the time of entry of guilty plea or explain to the Court why this cannot be done. Defendant will pay mandatory restitution as ordered by the Court.

3. **Factual Basis**: The factual basis for each count is attached hereto and by this reference incorporated herein as "Attachment 1," which defendant agrees the USAO can prove beyond a reasonable doubt.

4. **Dismissal and non-prosecution**: The USAO will move to dismiss with prejudice the Second Superseding Indictment at the time of sentencing. In addition, the defendant will not be prosecuted by any other federal, state, or local prosecuting, administrative, or regulatory authority for any of the acts set forth in that indictment or for any of the acts disclosed by the defendant in his proffer to the Government or in disclosure made in satisfaction of the obligations set forth below.

5. **Resolution of Sentencing Issues**: In addition to waiving the right to a jury trial on the issue of guilt, defendant knowingly and voluntarily agrees that sentencing issues in this case need not be alleged in a grand jury indictment, proven to a trial jury, or proven beyond a reasonable doubt. Defendant also knowingly and voluntarily consents to judicial fact-finding and resolution of any and all sentencing issues. Defendant and Government agree that the guidelines calculations should be derived from the United States Sentencing Commission Guidelines Manual with effective date of November 1, 2000.

6. **Guideline Enhancement**: The USAO will recommend the terrorism guideline enhancement found in U.S.S.G. §3A1.4 because the felony offenses either involved or were intended to promote a federal crime of terrorism. The defendant reserves the right to argue against the application of this guideline section.

7. **Acceptance**:

   A. **Extent of Reduction for Acceptance of Responsibility**: Subject to Subsection B of this Paragraph, the USAO agrees to recommend a 3 level reduction for acceptance of responsibility if defendant's offense level is 16 or greater; otherwise a 2 level reduction applies. The USAO reserves the right to change or omit this recommendation if defendant, between plea and sentencing, commits

William R. Sharp
Re: Joyanna L. Zacher
Page 3

      any new or additional violation of law, obstructs or attempts to obstruct justice, or acts inconsistently with acceptance of responsibility.

    B.    **Information:** Defendant agrees to disclose to the Government all information in his possession that is true about his personal participation in any of the offenses alleged in the indictment and any uncharged criminal conduct. Defendant agrees to participate in disclosure sessions with the Government which shall be conducted pursuant to FRCrP 11(f), FRE 410, and U.S.S.G. §1B1.8 and as described below; *provided that* defendant shall not be required to reveal information that inculpates others, reveals their identities, or would be the functional equivalent of revealing their identities. During the disclosure session(s), the defendant shall:

      (1)    Disclose when, where, and how each offense occurred; this disclosure shall include such details of defendant's own individual conduct and whether defendant acted alone or in concert with others.

      (2)    If an offense was done in concert with others, disclose the sum and substance of any conversations defendant had with others.

      (3)    Should defendant refuse to disclose information on the grounds that it would inculpate or reveal the identity of others, the Government may require defendant's attorney to articulate the basis for this refusal, including the reason(s) defendant believes such information would inculpate or identify another.

      (4)    If the Government is persuaded that the refused information would inculpate or reveal the identity of others, the Government will question defendant in a manner that avoids the issue or accept defendant's refusal to disclose the information.

      (5)    If the government is not persuaded that the refused information would inculpate or reveal the identity of others, the disclosure session will continue to another area of inquiry and the parties will attempt in good faith to find a way to allow defendant to disclose the refused information in a manner that will not inculpate or reveal the identity of others.

      (6)    Should the parties be unable to find a way to allow defendant to disclose the refused information and should the Government deem such information to be of vital importance to the Government, defendant and defendant's attorney will be so advised and given a reasonable amount of time to decide whether to disclose the refused information. If defendant thereafter persists in refusing to disclose the refused information, the disclosure session will terminate, the global plea agreement with co-defendants Zacher, Block, McGowan and Paul may be declared void,

and the Court will be advised that all four defendants' cases will proceed to trial.

C. **Collateral Use:** Defendant understands that the USAO will not tolerate any further violation of federal or state law, and, should any violations become known, they will be made known to the appropriate authorities. Nothing in this agreement will preclude prosecution of defendant by those authorities for such violation. Defendant understands that nothing in this agreement will prevent the government from instituting prosecution against defendant for perjury, subornation of perjury, false statements, or false declaration if defendant commits or causes the commission of any such offense in connection with defendant's testimony.

D. **Sentencing Information:** Defendant understands that the USAO, pursuant to 18 U.S.C. § 3661, must provide the information given under this agreement to the PSR writer and sentencing judge. USSG § 1B1.8 governs the use of such information in determining defendant's applicable guideline sentencing range.

E. **Testimony:** It is understood by the parties of this agreement that defendant does not agree to testify at any trial, hearings or proceedings. Notwithstanding this condition of the plea agreement, the defendant acknowledges that defendant may be subpoenaed to testify at grand jury, trials and other hearings. Defendant also understands that should defendant be subpoenaed to testify, and at that time decides not to testify, and upon order of a court that defendant must testify, remains in opposition to testifying, defendant may be subject to both civil and criminal contempt proceedings.

F. **Best Efforts:** Any benefit defendant may receive under this agreement is solely dependent on whether defendant uses his best efforts in the disclosure sessions, the proffer agreement, and as otherwise set forth in this agreement, and is not dependent upon the identification, arrest, prosecution, or conviction of any person for any crime.

G. **Polygraph Examination:** Defendant further agrees to submit to a polygraph examination on the issue of truthfulness if it is deemed necessary by the United States, with an examiner selected by the USAO. If the examination results indicate deception, defendant will be afforded the opportunity to review and explain the deceptive responses. If, after consideration of defendant's responses, the USAO is convinced defendant's statement is not complete and truthful, the USAO may consider this agreement to have been breached by defendant.

H. **Breach of Defendant's Agreement to Disclose Information:** It is expressly understood and agreed by the parties that the determination of whether defendant has complied with all the terms of this plea agreement rests

William R. Sharp
Re: Joyanna L. Zacher
Page 5

exclusively with the USAO. Should defendant knowingly give false, misleading, or incomplete information or testimony, the parties agree that: (1) defendant may not withdraw any guilty plea; (2) the USAO is free to make any sentencing recommendation and is not bound by this agreement; (3) statements and information from defendant under this agreement or any previous proffer agreement may be used for any purpose without any restrictions; (4) defendant may be prosecuted for any crime, whether or not such crime was the subject of this agreement; and (5) The USAO may, but need not declare the plea agreements with defendants Paul, Block, and McGowan null and void; provided that in the event the USAO declares these plea agreements null and void, no information provided by any of these defendants, pursuant to Paragraph 7B of their plea agreements may be used against them at trial.

I. **Defendant's Compliance with the Agreement to Disclose Information**: It is expressly understood and agreed by the parties that the determination of whether defendant has complied with all the terms of this plea agreement rests exclusively with the USAO.

8. **USAO Sentence Recommendation**: The sentence to be recommended by the Government in this case is based on the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide a just and fair sentence for this defendant in relation to and in comparison with all of the defendant's co-conspirators.

9. **Waiver of Appeal/Post-Conviction Relief**: Provided the Court imposes a sentence within the range set forth in paragraph 13B below, both the government and defendant knowingly and voluntarily waive the right to appeal from any aspect of the conviction and sentence unless the sentence imposed exceeds the statutory maximum, the Court imposes an upward departure pursuant to Part 5K of the Sentencing Guidelines, or the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline range. Should defendant seek an appeal, despite this waiver of that right, the USAO may take any position on any issue on appeal. Defendant also waives the right to file a motion pursuant to 28 U.S.C. § 2255 to set aside the conviction and sentence, except on grounds of ineffective assistance of counsel, newly discovered evidence, or a retroactive change in the applicable guidelines or statute.

10. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the Presentence Report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the *Federal Rules of Criminal Procedure*, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations herein.

William R. Sharp
Re: Joyanna L. Zacher
Page 6

11. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

12. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new violations of law between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

13. **Substantial Assistance**:

   A. **Global Resolution of Case**: Defendant will withdraw defendant's plea of not guilty and enter into a plea agreement with the Government by which defendant would enter a plea of guilty to the offenses set forth in paragraph 2 above on the condition that defendants Jonathan Christopher Mark Paul, Joyanna L. Zacher, Nathan Fraser Block and Daniel Gerard McGowan all agree to enter into appropriate plea agreements with the government.

   The government acknowledges that defendant's plea agreement is of substantial assistance. Upon defendant's successful completion of every condition of the plea agreement, the government agrees to move, as authorized by 18 U.S.C. §3553(e) and U.S.S.G. §5K1.1, to authorize the Court to impose a sentence below a level established by statute as a minimum sentence for any offense to which the defendant has agreed to plead guilty.

   B. **Extent of Departure**: Assuming defendant complies with the terms of this agreement, the USAO will recommend up to a 12 level downward departure pursuant to U.S.S.G. §5K1.1 (and 18 U.S.C. §3553(e), if necessary) and/or Rule 35 of the Federal Rules of Criminal Procedure and a sentence at the low end of the resulting advisory guideline, which the Government anticipates will be 96 months imprisonment. Defendant is free to request other adjustments or departures; however, the USAO will oppose any such request. The defendant agrees that any grounds upon which defendant will seek a sentencing adjustment will be raised sufficiently in advance of the sentence hearing to permit the government a full opportunity to respond to the Court. Defendant also agrees not to request defendant's sentence be lower than 63 months or lower than any sentence imposed upon co-conspirator Suzanne Savoie plus 18 months, whichever is less.

14. **Continue Sentencing**: Defendant agrees to have the sentence hearing postponed in order to continue the disclosure sessions if the USAO requests such a continuance.

15. **Place of Confinement**: In the event a sentence of confinement is imposed, the defendant will request that he be allowed voluntarily to surrender to custody and that the Court recommend to the Bureau of Prisons (BOP) that a Federal Prison Camp be

William R. Sharp
Re: Joyanna L. Zacher
Page 7

  designated as her place of confinement. The USAO agrees not to oppose these requests so long as defendant otherwise qualifies pursuant to BOP policy and regulations.

16. **Total Agreement**:  This letter states the full extent of the agreement between the parties. There are no other promises or agreements, express or implied.  If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

            Sincerely,

            KARIN J. IMMERGUT
            United States Attorney

            */s/ Kirk A. Engdall*
            KIRK A. ENGDALL
            Assistant U.S. Attorney


  I have read this agreement carefully and reviewed every part of it with my attorney.  I understand the agreement and voluntarily agree to it.  I am satisfied with the legal assistance provided to me by my attorney.

Date  Oct. 26 , 2006       */s/ Joyanna L. Zacher*
            JOYANNA L. ZACHER
            Defendant


  I represent defendant as legal counsel.  I have carefully reviewed every part of this agreement with defendant.  To my knowledge defendant's decision to enter into this agreement is an informed and voluntary one.

Date  Oct. 26 , 2006       */s/ William R. Sharp*
            WILLIAM R. SHARP
            Attorney for Defendant

**Attachment 1**

United States v. Joyanna L. Zacher

    Beginning in October 1996 and continuing through October 2001, in the District of Oregon and elsewhere, defendant Joyanna L. Zacher and various persons at various times willfully and knowingly conspired and agreed to maliciously damage or destroy, or attempt to damage or destroy, by means of fire, buildings, vehicles, and other personal and real property owned in whole or in part by, or possessed by or leased to, others. Some of these persons intended to damage or destroy, attempt to damage or destroy, or did damage or destroy such property of the United States or a department or agency of the United States. Some intended to damage or destroy, attempt to damage or destroy, or did damage or destroy property of entities engaged in activity affecting interstate commerce. Some intended to damage or destroy, attempt to damage or destroy, or did damage or destroy property of an energy facility of the United States involved in the transmission of electricity. Some intended to damage or destroy or attempt to damage or destroy all such property.

    The purpose of some of the conspirators was to influence and affect the conduct of government. The purpose of other conspirators was to influence and affect the conduct of commerce, private business, and others in the civilian population. All conspirators intended to and did participate in acts of violence, sabotage, or destruction of property potentially dangerous to human life and property in violation of the criminal laws of the United States and the State of Oregon.

    In March, 2001 and in May, 2001, in the District of Oregon, defendant Zacher knowingly conspired and agreed with others to maliciously damage or destroy or attempt to damage or destroy by means of fire, buildings, other real property, vehicles, and personal property, owned in whole or in part or possessed by or leased to an entity engaged in activity affecting interstate commerce as more particularly set forth in Counts 2 through 49.